**Fred FERGUSON, Plaintiff and Respondent,**

v.

**Lowell CHRISTENSEN et al., Defendants and Appellants.**

**No. 13755.**

Supreme Court of Utah.

Jan. 28, 1975.

**492**

Gary D. Stott, Stott & Young, Provo, for defendants and appellants.

Carl J. Nemelka, Nemelka & Colessides, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a temporary injunction, later made permanent, preventing defendants from using a sewer line that without any muniments of title or permission, they dug a trench and installed therein, across 150 feet of plaintiff's fee simple, time-honored property rights stemming from the Battle of Runnymede or King John's indiscretions (circa 1215).

The record discloses an unagreed-to incursion into and across and over Ferguson's farm for condominium sewage disposal purposes. Defendants, on appeal, say such a voyage over Ferguson's property was all right,—not necessarily because it

was all right,—but because Ferguson properly did not plead or prove that it was all wrong.

We think that Ferguson pleaded well enough, either under or irrespective of our Rule 65A,[1] for injunctive relief; that the preliminary circumstances developed in this case merit a trial on the merits, and the only point on appeal, to the effect that we status quo this thing and permit use of the sewer until there is a trial on the merits, neither 1) supports any legal theory justifying suspension of rights during pendency of an action invited here, nor 2) does it justify any pseudo-anticipatory declaration of rights in an alleged trespass or invasion of property rights action, nor 3) does it justify unauthorized action on the grounds of expediency, nor 4) a potential, actual or judicial odoriferous circumstance.

We sustain the trial court. The burden is on defendants either to buy or contract for an easement or make other arrangements for disposal.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

---

1. Utah Rules of Civil Procedure.